UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANGELA M. SPORER,

        Plaintiff,

  v.                                      Case No. 23-cv-827-pp

WAUKESHA POSTAL SERVICE,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTON FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE AS MOOT (DKT. NO. 2), ADOPTING JUDGE DRIES'S RECOMMENDATION (DKT. NO. 4) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

On June 21, 2023, the plaintiff filed three cases: <u>Sporer v. Gundersen Hospital</u>, Case No. 23-cv-826; <u>Sporer v. Waukesha Postal Service</u>, Case No. 23-cv-827 (this case); and <u>Sporer v. Waukesha County</u>, Case No. 23-cv-828.[1] On August 9, 2023, Magistrate Judge Stephen C. Dries issued a combined report recommending that this court dismiss all three cases. Dkt. No. 4.

In the instant case, the plaintiff filled out both the "federal question" and the "diversity" sections of Part II of the complaint (which asks the plaintiff to

---

[1] Over four months earlier, on February 8, 2023, the plaintiff had filed four cases in this district; District Judge Lynn Adelman adopted Judge Dries's recommendation and dismissed all four cases in a combined order. <u>Sporer v. CDC Wisconsin</u>, Case No. 23-cv-168, Dkt. No. 6; <u>Sporer v. Waukesha County Courthouse Family Court</u>, Case No. 23-cv-169, Dkt. No. 6; <u>Sporer v. Menomonee Falls Police Department</u>, Case No. 23-cv-170, Dkt. No. 6; and <u>Sporer v. Wisconsin Department of Children and Families</u>, Case No. 23-cv-171, Dkt. No. 5.

1

state the basis for the court's jurisdiction). Dkt. No. 1 at 3. Under the federal question section, the plaintiff wrote, "Identity theft, tampering w/mail." Id. In the diversity section, the plaintiff wrote that she and the defendant were residents of Wisconsin. Id. In the section where she was asked to state the facts underlying her claims, the plaintiff indicated that she had been waiting to receive "insurance cards, from employment" and a decision "in SSDI," but that there was nothing in the mailbox. Id. at 4. The plaintiff also filed a motion asking the court to allow her to proceed without prepaying the filing fee. Dkt. No. 2.

In his August 9, 2023 order, Magistrate Judge Dries recommended that this court dismiss the complaint as "baseless and frivolous," and that the court deny the plaintiff's motion for leave to proceed without prepaying the filing fee as moot. Dkt. No. 4 at 5. He explained that the reason the plaintiff hadn't received a decision in her Social Security case was because he hadn't yet issued a decision. Id. at 4 (citing Case. No. 22-cv-1207). In Judge Dries's words, "that just leaves her unaccounted-for insurance card, and one lost piece of mail does not an identity-theft case make." Id. Judge Dries concluded that one lost piece of mail cannot "rationally be stretched to support [the plaintiff's] serious accusations of purposefully malicious criminal conduct by the Postal Service." Id.

At the end of the order, Judge Dries wrote:

[The plaintiff] has now filed seven complaints in 2023. These complaints have run the gamut from child trafficking to lost mail, but not one of them has had any merit. With this most recent batch of complaints, [the plaintiff] has once again needlessly expended the

2

> court's time and resources on claims that are either baseless or outside this court's jurisdiction. Federal district court is a court of limited jurisdiction; it is not a revolving door through which a plaintiff may drag any and every party with whom she has a gripe. [The plaintiff] should be advised that the continued filing of frivolous claims may result in the imposition of a filing bar against her, or other sanctions.

Id. at 5. Judge Dries notified the plaintiff that she must file any written objections to his recommendation within fourteen days of service of the recommendation. Id. The fourteen-day deadline passed on August 23, 2023; the court did not receive an objection from the plaintiff by that date, and has not received an objection as of the date of this order.

Under Federal Rule of Civil Procedure 72, if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Because the plaintiff did not timely file an objection, this court decides only whether Judge Dries's report and recommendation are clearly erroneous; they are not. There are any number of things that could have happened to the insurance card the plaintiff was expecting. The plaintiff does not say when the insurance card was mailed; it may not have sent it yet. It may have been sent to the wrong address. Someone may have stolen the card from the mail. The plaintiff assumes that because she did not receive the card, the *postal service* must have tampered with her mail or stolen her identity. She alleges no facts to support this assumption. Judge Dries is correct—a single piece of missing mail does not prove that the U.S. Postal Service stole or tampered with that piece of mail. Nor

3

has the plaintiff alleged *any* facts indicating that someone used her identity without her permission. The plaintiff has not stated sufficient facts to support the claims she seeks to bring.

Although the Seventh Circuit Court of Appeals has advised district courts that ordinarily they should give a plaintiff at least one opportunity to amend before dismissing the case, the court is not required to do so when it is certain from the face of the complaint that amendment would be futile. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015) (citations omitted). The court concludes that given the nature of the plaintiff's earlier lawsuits and the absence of any facts to support the claim she makes in this one, allowing her to amend would be futile.

The court **ADOPTS** the recommendation of the magistrate judge. Dkt. No. 4. The court **DISMISSES** this case for failure to state a claim. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court advises the plaintiff that if she continues to file cases over which this district court has no jurisdiction, or that are frivolous, malicious or fail to state a claim, this court may impose sanctions against her, including imposing financial sanctions or barring her from filing future cases.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

4

Case 2:23-cv-00827-PP   Filed 08/29/23   Page 4 of 5   Document 5

filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Federal Rules of Appellate Procedure. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of August, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**